**Maribelle PLATH, Appellant,**

v.

**Daryl A. PLATH, Respondent.**

**No. C1–86–1347.**

Court of Appeals of Minnesota.

March 17, 1987.

Review Granted April 29, 1987.

Cortlen G. Cloutier, Cloutier & Musech, Minneapolis, for appellant.

Willard L. Converse, Peterson, Bell, Converse & Jensen, St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Maribelle Plath was injured on September 5, 1977, as the result of contact with her husband. Nearly six years later she sued her husband for medical expenses and wage loss due to the incident on alternative grounds of negligent and/or intentional assault. Daryl Plath raised the statute of limitations as a defense. The trial court found the incident constituted a battery and therefore was barred by the two-year statute of limitations. Maribelle Plath appeals. We reverse and remand.

## FACTS

Maribelle Plath fractured her hip when she fell or was pushed during an argument with her husband Daryl. On September 5, 1977, Daryl was going out to mow the lawn when Maribelle grabbed the back of his shirt. He turned around and pushed her hands up. The hem-snippers she was holding cut his lip.

Daryl alleges the "stabbing" was no accident, that she came at him with the hem-snipper and as he turned around "she drove the thing through my lip." He then took her to the living room and wiped his blood on her face and glasses.

Daryl then went to the bathroom to wash up and stop the bleeding. Maribelle stated she was already in the bathroom, facing the sink when Daryl appeared.

In Daryl's version, he was at the sink when he saw Maribelle coming at him in the mirror. He stated: "I went to turn and shove her back. I wanted her to get away from me, stay away from me." Another description of the incident was:

Q. And why * * * did you reach out with your left arm?

A. Because I wanted her to get away from me. I didn't know if she had that thing in her hand again or whether she was going to use it or what.

    \*     \*     \*     \*     \*     \*

I went to push her back. In other words, I was bending over with a wash rag against my face and I looked up and saw her and I just instinctively pushed her back. I didn't hit her or uppercut her or anything like that. I just pushed back and probably told her to get back off or get away from me.

Maribelle was unsure of the cause of her fall. She conceded she might have tripped in trying to avoid her husband in the close confines of the bathroom.

The trial court found that "to avoid further confrontation, [Daryl] swung his arm back to ward off [Maribelle]. [She] was struck, fell to the floor and was injured."

## ISSUES

1. Did the trial court err in concluding that the incident was a battery, subject to the two-year statute of limitations?

2. Did the respondent properly plead the statute of limitations as a defense?

## ANALYSIS

Maribelle's suit, based on a September 5, 1977, incident, was commenced September 2, 1983. Her action can only be maintained if her fall was the result of her husband's negligence and therefore subject to the six-year statute of limitations. Minn.Stat. § 541.05, subd. 1(5) (1982). However, if her action is properly characterized as the intentional tort of battery, it is barred by the two-year statute of limitations. Minn.Stat. § 541.07(1) (1982).

The trial court found that Daryl "swung his arm back to ward off plaintiff" and concluded that such "intentional unpermitted contact with [Maribelle's] person amounted to a battery." We agree that the trial court's finding is supported by the record. We disagree, however, with the legal conclusion that this conduct constitutes a battery.

Battery is "an intentional unpermitted offensive contact with another." *Paradise v. City of Minneapolis*, 297 N.W.2d 152, 155 (Minn.1980). The classic tort law definition requires a positive and affirmative act. An unpermitted contact must be intended and must result from the act.

Mere negligence, or even recklessness, which creates only a risk that the contact will result, may afford a distinct cause of action in itself, but under modern usage of the term it is not enough for battery. W. Prosser & W. Keeton, *The Law of Torts* § 9, at 41 (5th ed. 1984).

The finding that Daryl's intent was simply to "ward off" his wife cannot be equated with the intentional act of battery; Daryl may have intended to keep his wife away, but he did not intend to create an offensive contact.

> The word "intent" is used throughout the Restatement * * * to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.

Restatement (Second) of Torts § 8A (1965).

We believe Daryl's action constitutes negligence, not the intentional tort of battery. As Prosser points out,

> It is helpful to an understanding of the negligence concept to distinguish it from intent. In negligence, the actor does not desire to bring about the consequences which follow, nor does he know that they are substantially certain to occur, or believe that they will. There is merely a risk of such consequences, sufficiently great to lead a reasonable person in his position to anticipate them and to guard against them.

W. Prosser & W. Keeton, *supra* § 31, at 169.

Daryl could have reasonably foreseen his action could result in injury to his wife because she was afflicted with arthritis and less agile and mobile. He took the chance that "warding off" his wife *could* create contact and this action implicates negligence. *See id.*

 Appellant's complaint alleged that she was "assaulted * * * in * * * a careless, negligent and unlawful manner" as well as "intentionally assaulted" by her husband. Respondent alleged in his answer "that the statute of limitations has expired *on either or both the first or sec-* *ond cause of action* set forth in the complaint." (Emphasis added.) Appellant argues the respondent should have specifically enumerated the defenses. The answer allegedly created confusion and led to substantial litigation expenses.

 Respondent complied with Minn.R. Civ.P. 8.03 and affirmatively pled the statute of limitations as a defense to both claims. Appellant had sufficient notice of the defenses. Respondent is permitted to plead inconsistent defenses of the statute of limitations and lack of intent. Under Minn.R.Civ.P. 8.05 "a party may * * * state as many separate claims or defenses as he has regardless of consistency."

### DECISION

The trial court's factual finding states a cause of action in negligence, not battery. Appellant's cause of action is not barred by the statute of limitations applicable to battery.

Reversed and remanded for trial.