**Maribelle PLATH, petitioner, Appellant,**

v.

**Daryl A. PLATH, Respondent.**

**No. C1–86–1347.**

Supreme Court of Minnesota.

Sept. 9, 1988.

---

Willard L. Converse, St. Paul, for respondent.

Cortlen J. Cloutier, Minneapolis, for appellant.

AMDAHL, Chief Justice.

We granted the petition of defendant Daryl A. Plath to review a court of appeals' decision which reversed the trial court's determination that this action was barred by the statute of limitations. The appellate court determined that Daryl's actions, which resulted in injury to his wife, constituted negligence rather than battery and therefore applied the six-year limitations period to allow the action to survive. We reverse.

During an argument in their home in September 1977, Maribelle Plath cut her husband Daryl on the lip with a hem ripper. Daryl was washing the wound in the bathroom when, in the mirror, he noticed his wife approaching. In a claimed attempt to avoid further contact, he instinctively pushed Maribelle back and she fell to the floor and broke her hip. She initiated suit in September 1983 alleging intentional battery and negligence.

The trial court found that Daryl "swung his arm back to ward off [Maribelle]. [She] was struck, fell to the floor, and was injured." The court concluded that, as a matter of law, Daryl's intentional, unpermitted contact with Maribelle's person constituted a battery. As such, the plaintiff's action was barred by the two-year limitations period. Minn.Stat. § 541.07(1) (1982).

On Maribelle's appeal, the court of appeals reversed, stating, "Daryl may have intended to keep his wife away, but he did not intend to create an offensive contact." *Plath v. Plath*, 402 N.W.2d 577, 579 (Minn. App.1987). The court held that Daryl's actions thus constituted negligence and therefore, the six-year limitations period was applicable. *Id.* at 579.

The standard of review of a trial court's findings of fact is narrowly defined. Those findings shall not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. When the court of appeals determined that Daryl's actions constituted negligence, it exceeded that scope of review. In effect, it has usurped the role of the trial court by interpreting the evidence itself and substituting its own judgment. Instead, a review of the record leads to the conclusion that the trial court's finding that Daryl's actions constituted a battery was supported by the evidence before it and that finding together with the resulting legal determination must be affirmed. We therefore reverse the decision of the court of appeals and reinstate the trial courts' decision that Maribelle's action was barred by the two-year limitations period. Minn.Stat. § 541.07(1) (1982).

REVERSED.

POPOVICH, J., took no part.